IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FUN SERVICES OF KANSAS CITY, INC., )
individually & as the representative of a )
class of similarly situated persons, )
)
                **Plaintiff,** )
)
v. )
) No. 07-2244-CM
)
HERTZ EQUIPMENT RENTAL )
CORPORATION, )
)
                **Defendant.** )
)

## MEMORANDUM AND ORDER

Plaintiff Fun Services of Kansas City, Inc. brings this action against defendant Hertz Equipment Rental Corporation, alleging claims under the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 et seq. and common law conversion. The case is before the court on plaintiff's Motion for Remand (Doc. 6). Because the court finds that federal jurisdiction does not exist over plaintiff's claims, the court remands the case.

**I.     Judgment Standard**

The parties dispute whether this court has federal question jurisdiction over plaintiff's claim under the TCPA, and consequently supplemental jurisdiction over the conversion claim. Federal courts are courts of limited jurisdiction, requiring a statutory basis to exercise jurisdiction. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) ("*Nicodemus I*"). This court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[1]  28 U.S.C. § 1331.  "'A case arises under federal law if its 'well-

pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Nicodemus*, 318 F.3d at 1235 (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)). Thus, whether federal question jurisdiction exists requires a two-step analysis. First, a question of federal law must appear in plaintiff's well-pleaded complaint. *Nicodemus I*, 318 F.3d at 1235.

The Tenth Circuit clarified, however, that "even if a federal question appears on the face of a well-pleaded complaint, federal jurisdiction is not automatic." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) ("*Nicodemus II*"). Of particular relevance to the present issue is the following instruction: "'A court examining whether a case turns on a [substantial] question of federal law [must] focus on whether Congress evidenced an intent to provide a federal forum.'" *Id.* (quoting *Morris*, 39 F.3d at 1111). After *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), the Tenth Circuit restated this question as "[a] federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Nicodemus II,* 440 F.3d at 1232 (quoting *Grable* for the statement, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.").

## II.   Analysis

Here, the parties dispute whether Congress evidenced intent to give federal district courts federal question jurisdiction over claims under the TCPA. Because both parties agree that the Tenth

---

[1] The parties agree that diversity jurisdiction analysis is inapplicable.

Circuit has not directly addressed this issue, each points to the conclusions of other circuit courts to support its position and adopts its arguments from those holdings.

Following the Ninth, Eleventh, Second, Third, Fourth, and Fifth Circuits, plaintiff argues that the relevant language in the TCPA does not create a private cause of action over which this court has federal question jurisdiction. Plaintiff also argues that the Seventh Circuit's holding in *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), that federal question jurisdiction exists in a similar context was flawed because it implicitly added words to the statute, did not properly distinguish federal question jurisdiction analysis from diversity jurisdiction analysis, and incorrectly applied then-recent Supreme Court decisions.

Defendant responds by asking this court to follow the Seventh Circuit's analysis in *Brill*. First, defendant asserts that because plaintiff's case arises under federal law and this court has jurisdiction over cases arising under federal law, this court has jurisdiction over plaintiff's case. Second, defendant argues that the holdings of five of the circuit courts on which plaintiff relies were overly-broad by excluding all federal jurisdiction—federal question and diversity jurisdiction—which contradicts the Tenth Circuit's holding in *U.S. Fax Law Ctr. v. iHire, Inc.*, 476 F.3d 1112 (10th Cir. 2007). From this defendant concludes, "if federal diversity jurisdiction is appropriate, then there can be no exclusive grant of authority to the states[, making f]ederal question jurisdiction . . . appropriate." Third, defendant contends that the Seventh Circuit correctly applied Supreme Court precedent. Fourth, defendant argues that the silence in the relevant language in the TCPA regarding federal court jurisdiction should not be read to exclude such jurisdiction. Citing now Justice Alito's dissenting opinion in *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 521 (3rd Cir. 1998), defendant contends that "[t]he question is not whether the TCPA *implies* federal jurisdiction, but rather whether the TCPA *divests* the natural jurisdiction of the federal courts under

-3-

section 1331." (emphasis in original). Lastly, defendant argues that federal jurisdiction is consistent with the intent of the TCPA, because to hold otherwise would prohibit citizens of states that do not allow state actions in this context from bringing any action under the TCPA.

The court begins its analysis with the relevant language of the TCPA. Section 227(b)(3) of the TCPA states: "Private right of action [] A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State [either an action to enjoin violations of the statute, or to recover damages, or both]." 47 U.S.C. § 227(b)(3). The Tenth Circuit has analyzed this language in a jurisdiction context once. *U.S. Fax Law Ctr., Inc. v. iHire, Inc.*, 476 F.3d 1112 (10th Cir. 2007). In that case, the Circuit Court noted that, "Because we find diversity jurisdiction proper, we need not address whether federal question jurisdiction is an alternate ground for subject matter jurisdiction." *Id.* at 1115 n.3.

Although the holding of *U.S. Fax Law Center* did not resolve whether § 227(b)(3) vests federal courts with federal question jurisdiction, the reasoning used to reach that holding suggests that this court does not have federal question jurisdiction in this case. After citing the history of this issue in the other circuits and addressing *Brill* as being contrary to the "unanimous circuit decisions holding that no such suit may be maintained on federal question jurisdiction," the court analyzed whether diversity jurisdiction exists with the language:

> Thus, where some other basis for federal jurisdiction is proscribed, diversity jurisdiction may still exist. Accordingly, absent an explicit indication that Congress intended to create an exception to diversity jurisdiction, one may not be created by implication. This is different from general federal question jurisdiction, which gives district courts original jurisdiction unless a specific statute places jurisdiction elsewhere.

*Id*. at 1116–17 (citations omitted). Later in the opinion, the Tenth Circuit implicitly and explicitly assumes that federal question jurisdiction does not exist in cases brought under § 227(b)(3). *Id.* at

-4-

1117–18 ("Moreover, Congress's apparent purpose in divesting federal courts of federal question jurisdiction over TCPA claims was that small claims are best resolved in state courts designed to handle them.") ("After all, assuming the circuit cases rejecting federal question jurisdiction for TCPA claims are accurate, the bulk of the TCPA litigation has been shifted to the states where suits are brought by individuals.  Federal courts would hear only those TCPA claims that qualify for diversity jurisdiction.").

Following these guiding, but not binding, background assumptions, the court finds that it does not have federal question jurisdiction over plaintiff's TCPA claim.  Assuming that the references to the TCPA in plaintiff's complaint satisfy the first step in the analysis— that a question of federal law must appear in plaintiff's well-pleaded complaint—the court moves to whether Congress has shown an intent to provide a federal forum in this context.  Here the statutory language provides, "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . ."  47 U.S.C. § 227(b)(3).  This provision does not show that Congress intended to provide a federal forum.  Whether a person may bring an action depends on state laws and state court rules.  *See U.S. Fax Law Ctr.*, 476 F.3d at 1118 ("Congress expressly directed that federal courts apply substantive state law to determine which persons or entities may bring TCPA claims in federal court.").  From this, it appears that Congress made the judgment that "the sound division of labor between state and federal courts governing the application of § 1331" in this context does not require federal question jurisdiction.  *See Nicodemus II,* 440 F.3d at 1232.

The holdings of the circuit courts that reject federal question jurisdiction over § 227(b)(3) actions make similar findings.  In *Murphey v. Lanier*, the Ninth Circuit cited the Fourth Circuit, the Third Circuit, the Second Circuit, the Eleventh Circuit, and the Fifth Circuit for the reading of §

-5-

227(b)(3) to imply that "the express reference to state court jurisdiction does not mean that federal jurisdiction also exists; the failure to provide for federal jurisdiction indicates that there is none." 204 F.3d 911, 914 (9th Cir. 2000) (citing *Int'l Sci. & Tech. Inst. Inc. v. Inacom Commc'n, Inc.*, 106 F.3d 1146, 1153–54 (4th Cir. 1997); *ErieNet*, 156 F.3d at 516–17; *Foxhall Realty Law Offices, Inc. v. Telecomm. Premium*, 156 F.3d 432, 435 (2d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1288–89 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 510–11 (5th Cir. 1997)).  The Second Circuit, which has addressed federal jurisdiction under § 227(b)(3) before and after the Seventh Circuit's *Brill* decision, first found that "'Congress intended to confer exclusive state court jurisdiction over private rights of action under the TCPA' . . .[and that] the statutory language constituted a specific expression of congressional intent that trumped the more general grant of federal question jurisdiction in § 1331."  *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 (2d Cir. 2006) (quoting *Foxhall*, 156 F.3d at 435).  Looking at the legislative history behind the TCPA, the Second Circuit quoted the Eighth Circuit for the statement, "Congress intended the TCPA to provide 'interstitial law preventing evasion of state law by calling across state lines.'" *Id.* at 342 (quoting *Van Bergen v. Minnesota*, 59 F.3d 1541,1548 (8th Cir. 1995)). The Second Circuit refined this holding, by concluding that reading § 227(b)(3) "to confer federal diversity and state-court jurisdiction," but not federal question jurisdiction is "the most reasonable interpretation of the statute."  *Id.* at 339.

The Tenth Circuit's assumptions in *U.S. Fax Law Center* also consider the division of labor between state and federal courts.  The court assumed that there was no federal question jurisdiction, but held that there was diversity jurisdiction.  "Congress's apparent purpose in divesting federal courts of federal question jurisdiction over TCPA claims was that small claims are best resolved in state courts designed to handle them[, b]ut this purpose has little force in a diversity suit, which by

-6-

definition involves an amount in controversy exceeding $75,000." *U.S. Fax Law Ctr.*, 476 F.3d at 1117 (citations omitted). Thus, the Tenth Circuit considered the division of labor to be that state courts have sole jurisdiction over cases with $75,000 or less at issue or intrastate cases; whereas federal courts provide an additional forum for cases involving more than $75,000 and interstate parties. This matches the Second Circuit's "most reasonable interpretation" of § 227(b)(3). *Gottlieb*, 436 F.3d at 339.

Defendant's arguments do not challenge this conclusion. Defendant relies on *Brill*'s holding that state court's should not have exclusive jurisdiction over § 227(b)(3) claims. The Tenth Circuit's holding in *U.S. Fax Law*, and the Second Circuit's holding in *Gottlieb*, agree that state-court jurisdiction is not exclusive by finding that federal courts have diversity jurisdiction. This does not, however, imply that federal courts should also have federal question jurisdiction. Similarly, defendant's argument that the pre-*Brill* holdings of six circuit courts were "wrongly decided," may be accurate regarding the exclusivity of state-court jurisdiction, but does not rebut the statutory language that omits federal question jurisdiction. Finally, the court addresses defendant's assertion that "Congress cannot have intended to foreclose a remedy under the TCPA—a federal statute—from the citizenries of entire states." To the extent that it argues against the adopted reading of § 227(b)(3), it is contradicted by the plain meaning of the statute and the indications in the legislative history that the TCPA was to supplement state law efforts. *See Gottlieb*, 436 F.3d at 342 ("Congress intended the TCPA to provide 'interstitial law preventing evasion of state law by calling across state lines.'"). To the extent that the argument raises equal protection concerns about the TCPA, the court withholds comment because defendant has not shown that it has standing to raise this issue.

Because the court finds that it does not have federal question jurisdiction over plaintiff's

-7-

TCPA claims, the court also declines to exercise supplemental jurisdiction over plaintiff's common law conversion claim.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Remand (Doc. 6) is granted.

Dated this 5th day of February, 2008, at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**